### Chicago Real Estate Loan and Trust Co. et al. v. The People of the State of Illinois.

1. STATUTES—*Hurd's Stat. 1901, p. 1487—Taxes a First Lien on Real Property.*—Section 253 of the revenue law makes the taxes upon real property, together with all penalties, interests and costs that may accrue thereon, a prior and first lien on such real property, superior to

all other liens and incumbrances, from and including the first day of May in the year in which the taxes are levied, until the same are paid.

2. SAME—*How Lien May be Foreclosed.*—Section 253 of the revenue law provides that the lien may be foreclosed in equity in any court of competent jurisdiction in the name of the people of the State of Illinois, whenever the taxes for two or more years, upon the same description of property, shall have been forfeited to the state, and may be sold under the order of the court by the person having authority to receive state and county taxes, with the same notice to interested parties and right of redemption from said sale, as is now provided by law.

3. EVIDENCE—*Taxes Due on the Collector's Books.*—In proceedings to foreclose the tax lien on any real property, the amount due on the collector's books shall be *prima facie* evidence of the amount of taxes against the said real property.

4. RECEIVERS—*To Collect Taxes.*—Waiving the question whether the court can, in any case, on bill filed as contemplated in section 253 of the revenue law, appoint a receiver, such appointment is unwarranted where the land is sufficient security for the indebtedness.

**Bill for the Appointment of a Receiver.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge presiding. Heard in this court at the March term, 1902. Reversed. Opinion filed October 27, 1902.

WILLIAM J. AMMEN, attorney for appellants.

ROBERT S. ILES, ROBERT D. MARTIN and STILLMAN B. JAMIESON, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver. The following abstract of the bill and amended and supplemental bill is contained in the printed argument of appellee's counsel, and is substantially correct.

" The essential facts pleaded in the bill are :

(1)   The levy of taxes on the premises in question for the years 1895, 1896, 1897, 1898, 1899, 1900 and 1901.

(2)   The non-payment of said taxes.

(3)   Judgment of sale in the County Court in each of said years inclusive.

(4)   Offer of said premises for sale, and forfeiture thereof to the State of Illinois for want of bidders.

(5)   That the taxes, interests and costs were duly carried forward, added to the taxes of the succeeding year, and extended against the said lots, and in the year 1901 a judg-

292    APPELLATE COURTS OF ILLINOIS.

VOL. 104.] Chicago Real Estate Loan & Trust Co. v. The People.

ment was duly had in the County Court of Cook County, and the said lots offered for sale, and no person bid therefor, and that said lots were then and there duly forfeited to the State of Illinois for want of bidders.

(6)   That the property was and remains forfeited to the State of Illinois for the taxes of 1895, 1896, 1897, 1898, 1899 and 1900, and that the whole amount due on said forfeitures is $1,003.83 on each lot, or the total sum of $2,007.66, and specifically describes the property.

(7)   Avers the failure of defendants to pay said taxes, and failure and refusal to redeem from said forfeitures.

In addition the bill alleges a conspiracy to evade service, evade payment of taxes, and to hold the property and appropriate it to the use of said conspirators and not pay the taxes, and sets out specific grounds for said averment.

Avers that defendants G. T. Van Meter and George F. Harding have had and received sufficient and ample rents and profits from said premises to have paid said taxes, but have failed and refused to so do, or to redeem said premises.

Avers that said premises are occupied by tenants and has a rental value of $120 per month, and that from inquiry made of said tenants, the defendant G. T. Van Meter collects and receives the rents and profits of said premises, and is reputed to be the agent of said defendant George F. Harding."

The appellants and George F. Harding, A. C. Harding and others, are made defendants.   The prayer of the bill is for an accounting, and that the defendant, owner of the lots described in the bill, be decreed to pay, within a short time, to be fixed by the court, whatever sum may be found due to the complainant, and that, in default thereof, the lots and each of them be sold, and for a receiver of the rents and profits, etc.   The bill is sworn to and the motion for a receiver was heard on the bill, the affidavit of George F. Harding in opposition thereto, and the affidavit of R. D. Martin in support thereof, and the affidavit of A. C. Harding, contradicting that of Martin.   The value of the premises in question is not stated in the bill.   The only evidence of such value is contained in the affidavit of George F. Harding, and is as follows:

" Affiant further states that he knows the value of the real estate described in the said bill, and that the fair cash

value thereof, at this time, is at least the sum of $10,000, and said premises are worth at least five times the aggregate of all the moneys claimed in or by said bill."

The bill is filed under section 253 of the revenue law, Hurd's Stat. 1901, p. 1487, which is as follows:

" The taxes upon real property, together with all penalties, interests and costs that may accrue thereon, shall be a prior and first lien on such real property, superior to all other liens and incumbrances, from and including the first day of May in the year in which the taxes are levied, until the same are paid; which lien may be foreclosed in equity in any court of competent jurisdiction in the name of the people of the State of Illinois, whenever the taxes for two or more years, upon the same description of property, shall have been forfeited to the state, and may be sold under the order of the court by the person having authority to receive state and county taxes, with the same notice to interested parties and right of redemption from said sale, as is now provided by law, and in conformity with sections four (4) and five (5) of Article IX of the Constitution of this State. In proceedings to foreclose the tax lien on any real property, the amount due on the collector's books against the said property shall be *prima facie* evidence of the amount of taxes against the said real property. When any taxes are collected in any such foreclosure proceedings, they shall be paid to the county collector, to be distributed by him to the respective authorities entitled thereto."

The court appointed the Chicago Title & Trust Company receiver, with authority to collect the rents and profits. Waiving the question whether the court could in any case, on bill filed as contemplated by section 253, appoint a receiver, we are of opinion that the appointment of a receiver in the present case was unwarranted. The total amount of taxes for which the premises were forfeited is averred to be $2,007.66. The uncontradicted evidence is that the premises are worth at least $10,000. On a bill to foreclose a mortgage, the court will not appoint a receiver of the mortgaged property, with authority to collect rents, unless the mortgage expressly pledges the rents or provides for such receiver; or, if it does not so provide, unless it appears that the mortgaged premises are insufficient secu-

rity for the debt, and the debtor is insolvent, or at least of very questionable responsibility. First Nat. Bank v. Ill. Steel Co., 174 Ill. 140.

Neither of these elements appears in the present case. The position of appellee in the present case is no stronger than that of a mortgagee in the case supposed. Indeed, it is not so strong; because it appears from the evidence that the land is sufficient security for the indebtedness.

The decree will be reversed.